# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID TOWNSEND,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0668** (BOR Appeal No. 2052510)
(Claim No. 2016010165)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner David Townsend, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted Mr. Townsend a 0% award on September 1, 2016. The Office of Judges affirmed the Self-Insured Employer's decision by Order dated January 18, 2018. This appeal arises from the Board of Review's Final Order dated June 29, 2018, in which the Board affirmed the decision of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Townsend signed an Employees' and Physicians' Report of Occupational Injury or Disease on October 12, 2015, in which he stated that he injured his head and neck when his shuttle car hit a rock and he hit his head into the canopy of the mine. He was treated for his injuries at Logan Regional Medical Center where a CT scan detected posterior disc osteophyte complexes resulting in canal stenosis but no acute findings. He was diagnosed with a concussion, head injury, and cervical sprain. Mr. Townsend was also referred to Dolores Santamaria, M.D. Dr. Santamaria's office records dated October 13, 2015, through December 2, 2016, noted Mr. Townsend's continued daily headaches, neck pain, nausea, and blurred vision. By Order dated

1

November 10, 2015, the Self-Insured Employer held the claim compensable for a sprain of ligaments of the cervical spine, and a concussion with loss of consciousness of 30 minutes or less.

An MRI of Mr. Townsend's cervical spine was taken at Logan Regional Medical Center on February 9, 2016. Robert Cure, M.D., compared the MRI to the cervical CT dated October 12, 2015. Dr. Cure noted that testing detected multilevel degenerative disc disease with areas of acquired central canal and neural foraminal narrowing.

Mr. Townsend underwent a neurosurgical consultation with Panos Ignatiadis, M.D., on April 12, 2016. After reviewing Mr. Townsend's history, Dr. Ignatiadis's assessment was cervical spine stenosis. He recommended conservative treatment, including physical therapy and possible trigger point injections. Mr. Townsend was also referred to chiropractic treatment and physical therapy 2 or 3 times per week for a total of 12 sessions.

Marsha Lee Bailey, M.D., provided an independent medical evaluation report dated July 26, 2016. In her report, Dr. Bailey noted Mr. Townsend's chief complaint as being constant neck pain with pain worsening with cervical flexion. He also complained of headaches that occurred twice daily. Following a physical examination and review of previous reports, Dr. Bailey stated that Mr. Townsend has the diagnoses consisting of history of cervical strain and concussion, both of which have long since resolved and are not responsible for his current complaints. Dr. Bailey stated that Mr. Townsend's complaints are out of proportion to his stated mechanism of injury, unremarkable diagnostic studies, and benign physical examination findings. It was noted that neither Dr. Santamaria nor Dr. Ignatiadis documented any objective abnormal neurological findings attributable to Mr. Townsend's compensable injury. Dr. Bailey concluded that Mr. Townsend reached his maximum medical improvement, and he was not in need of additional treatment. She also concluded that he has no impairment as a result of the injuries he sustained at work on October 12, 2015.

By Order dated September 1, 2016, the Self-Insured Employer granted Mr. Townsend a 0% permanent partial disability award. The Self-Insured Employer's decision was based upon Dr. Bailey's recommendation. Mr. Townsend protested the Self-Insured Employer's decision.

Mr. Townsend was examined by Bruce A. Guberman, M.D., on February 27, 2017. Dr. Guberman diagnosed Mr. Townsend with chronic post-traumatic strain of the cervical spine and post-concussive headaches. After determining that Mr. Townsend reached his maximum degree of medical improvement, Dr. Guberman concluded that he falls under Category II, Subheading B for the cervical spine injury for a 4% impairment rating of the whole person under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Guberman found 1% impairment for range of motion abnormalities in flexion and extension of Mr. Townsend's cervical spine. Dr. Guberman also recommended 1% impairment for range of motion abnormalities in lateral flexion of the cervical spine. In addition, he recommended 2% impairment for range of motion abnormalities in rotation of the cervical spine. The impairment ratings of the cervical spine were combined for a total of 4% whole person impairment. Utilizing the Combined Values Chart of the *Guides*, Dr. Guberman found a total of 8% whole person

impairment for the cervical spine. In regard to Mr. Townsend's headaches, Dr. Guberman opined 1% impairment for post-concussive headaches. Dr. Guberman combined the 8% whole person rating for the cervical spine injury with the 1% impairment of the whole person for headaches for a total of 9% impairment for Mr. Townsend's injuries. Dr. Guberman concluded that Mr. Townsend is entitled to an additional 9% impairment of the whole person for his injuries.

Prasadarao B. Mukkamala, M.D., evaluated Mr. Townsend on September 20, 2017, and authored a report for the employer dated September 21, 2017. After examining Mr. Townsend, Dr. Mukkamala diagnosed cervical strain and concussion. Dr. Mukkamala noted that Mr. Townsend had prior neck problems, as well as a prior neck injury from a motor vehicle accident on August 12, 2014. Dr. Mukkamala opined 0% impairment for Mr. Townsend's cervical spine. He noted that the range of motion in Mr. Townsend's spine was normal, and that although one could argue that Mr. Townsend had 4% whole person impairment for degenerative disc disease, such disease is pre-existing and should not be rated in this claim. With respect to Mr. Townsend's headaches, Dr. Mukkamala recommended 0% whole person impairment because Mr. Townsend suffered from headaches prior to the compensable injury of October 12, 2015, and the headaches had not changed after the date of injury. Dr. Mukkamala disagreed with Dr. Guberman's 9% whole person impairment rating for multiple reasons. Dr. Mukkamala stated that Dr. Guberman erroneously failed to attribute any of Mr. Townsend's impairment to pre-existing neck problems. Dr. Mukkamala also found normal range of motion in Mr. Townsend's cervical spine and was concerned whether Dr. Guberman knew about the prior motor vehicle accident in 2014. Dr. Mukkamala disputed Dr. Guberman's 1% whole person impairment rating for headaches, as there was no difference in Mr. Townsend's headaches before and after the compensable injury.

By Order dated January 18, 2018, the Office of Judges affirmed the Self-Insured Employer's Order dated September 1, 2016, which granted Mr. Townsend no permanent partial disability award. The Office of Judges determined that Dr. Guberman's recommendation is unreliable. The Office of Judges found that Dr. Guberman stated that Mr. Townsend reported that he had no prior symptoms related to his neck before his compensable injury. However, the evidence indicates that Mr. Townsend has a history of neck pain and headache which predates his compensable injury of October 12, 2015. Records from Chapmanville Family Chiropractic dated from June 23, 2014, through December 30, 2014, document treatment for Mr. Townsend's neck pain and cervical subluxation. Also, records from Logan Regional Medical Center dated August 12, 2014, detail an automobile accident where Mr. Townsend was rear-ended, and thereafter, he complained of neck pain. The Office of Judges found Dr. Guberman's assessment to be unreliable because his opinion failed to take into consideration Mr. Townsend's significant cervical history. Regarding the 1% impairment rating recommended by Dr. Guberman, the Office of Judges found that Mr. Townsend suffered from headaches prior to his compensable injury and had a history of migraines. Because Dr. Guberman's report was found to be unreliable, the Office of Judges concluded that Mr. Townsend submitted no reliable evidence indicating a greater impairment than the 0% award granted. The Self-Insured Employer's award of 0% on September 1, 2016, was affirmed. The Board of Review adopted the findings of fact and conclusions of the Office of Judges and affirmed its Order on June 29, 2018.

3

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Three physicians rendered impairment ratings in this claim. Drs. Bailey and Mukkamala both concluded that Mr. Townsend has 0% whole person impairment from his compensable injury. Dr. Guberman recommended a 9% award, but his report was found to be unreliable by the Office of Judges. Mr. Townsend's pre-existing neck condition and history of headaches are clearly established by his medical records. Because Dr. Guberman's assessment of Mr. Townsend's impairment is not reliable because he failed to consider Mr. Townsend's pre-existing conditions, the record supports the Board of Review's decision. Mr. Townsend has failed to establish that he is entitled to any greater permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison